FILED
Apr 17, 2025
02:53 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Terry Steel | ) | Docket No. 2023-08-5024 |
| | ) | |
| v. | ) | State File No. 860305-2023 |
| | ) | |
| TForce Freight, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Reversed in Part, Modified in Part, and Certified as Final

---

In this appeal, the claimant sought workers' compensation benefits for injuries he alleged resulted from his work as a truck driver. The business the claimant identified as his employer on his petition for benefit determination contended that the claimant was an independent contractor and, therefore, was not entitled to the requested benefits. After the claimant did not timely file a request for a hearing, the trial court filed a show cause order. The claimant did not respond, and the trial court dismissed the case without prejudice for failure to prosecute the claim and for failure to comply with court orders. The court's order also taxed the filing fee to the purported employer, which filed a motion for reconsideration, asserting that it was not obligated to pay the fee because it was not the employer. The trial court denied the motion, and the purported employer has appealed. Upon careful review of the record, we reverse the trial court's order taxing a filing fee to the purported employer and modify the court's order to reflect that no filing fee is taxed under the circumstances of the present case. We affirm the remainder of the trial court's order, and we certify as final the trial court's order as modified.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

John Thomas Feeney and Taylor R. Pruitt, Nashville, Tennessee, for the appellant, TForce Freight, Inc.

Terry Steel, Sardis, Mississippi, employee-appellee, pro se

1

**Factual and Procedural History**

Terry Steel ("Claimant") alleged he was injured while working as a truck driver for TForce Freight, Inc. ("TForce"). Claimant filed a petition for benefit determination ("PBD") on July 21, 2023, and listed TForce as his employer. Claimant attached to his petition an "occupational accident insurance policy," apparently issued by Atlantic Specialty Insurance Company ("ASIC").

In response, TForce asserted that Claimant was an independent contractor on the date of his alleged injury and, consequently, there was no employee-employer relationship. Further, it argued that Claimant was insured under an occupational accident insurance policy and that any recovery should be sought under the terms of that policy. There is no indication that Claimant responded to this assertion or otherwise prosecuted his claim after he filed the PBD.

On April 9, 2024, the court reviewed the status of the case and, because no Dispute Certification Notice ("DCN") had been filed, issued an order referring the case for mandatory mediation. *See* Tenn. Code Ann. § 50-6-239(a). In its order, the court noted TForce's assertions that Claimant was an independent contractor who was covered under an occupational accident policy. TForce contended that Claimant's "erroneous filing" could be resolved through mediation and the withdrawal of the claim since the court could not provide him with the relief he requested. The court noted, however, that there was no mechanism for simply withdrawing a PBD and that Claimant would need to request an order of voluntary dismissal if he wished to withdraw his claim. To that end, the court remanded the case for mediation so any disputed issues could either be resolved or included in a DCN.

On August 21, 2024, the mediator filed a DCN identifying three disputed issues: compensability, entitlement to medical benefits, and the question of coverage under the accident policy. On August 26, TForce filed a motion to dismiss for failure to prosecute pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure. At an October 16 hearing on TForce's motion, the trial court noted that, because Claimant's deadline to file a request for a hearing had not expired, it could not find Claimant had failed to prosecute his claim. The court observed, however, that if Claimant failed to file a timely hearing request, it would set a show cause hearing under Tenn. Comp. R. and Regs. 0800-02-21-.11(1) (2023).

Thereafter, Claimant did not timely file a hearing request, and on November 18, 2024, the court issued a show cause order and scheduled a telephonic hearing for December 11. The court's order stated that "[f]ailure to call in at the designated time may result in a dismissal of this case." On December 11, Claimant did not call in for the telephonic hearing or otherwise communicate with the court or TForce's counsel. On December 12, the court issued an order of dismissal without prejudice, noting that TForce defended on the grounds

that Claimant was not an employee but rather an independent contractor. In its order, the court emphasized that this was not a decision on the merits. Citing Tenn. Comp. R. and Regs. 0800-02-21-.06, the court taxed a filing fee of $150.00 to TForce, to be paid within five days of the entry of its order.

On December 18, TForce filed a motion to reconsider the taxing of the filing fee, arguing that there was no proof TForce was an "employer" as defined by statute; thus, it is not subject to Rule 0800-02-21-.06. TForce stressed that it had maintained from the beginning of the claim that it was not an employer, a position it asserted is not an affirmative defense, and that the burden was on Claimant to establish an employee-employer relationship. TForce argued that, because Claimant had not proven he was an employee of TForce, there was no authority to require it pay the filing fee under these circumstances.

On January 7, 2025, the court issued an order denying reconsideration of its prior order. In doing so, it noted that Rule 0800-02-21-.06 specifically authorizes the taxing of the filing fee to the employer at the conclusion of the case, regardless of who prevails. Because the court entered an order of dismissal on procedural grounds and no proof was offered as to an employment relationship, the court reasoned that the word "employer" as used in this regulation could only mean TForce. In addition, the court emphasized that TForce indicated in supplemental correspondence to the DCN that the "Employer's name should be TForce Freight, Inc." TForce has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2024). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Batey v. Deliver This, Inc.*, 568 S.W.3d 91, 95-96 (Tenn. 2019). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

3

**Analysis**

TForce raises the following issues on appeal, which we have restated as follows: (1) whether the trial court erred by relying on a "plain and ordinary" meaning of the word "employer" instead of the statutory definition; (2) whether the Bureau's form pleadings, standing alone, speak to a party's status as an employee or employer; and (3) whether fees can be taxed to a purported employer in the absence of either a settlement addressing costs or a finding by the trial court that a party was an employer as defined by statute.

Tennessee's Workers' Compensation Law defines "Employer" as "any individual, firm, association or corporation . . . using the services of not less than five (5) persons for pay . . . If the employer is insured, it shall include the employer's insurer, unless otherwise provided . . . ." Tenn. Code Ann. § 50-6-102(11) (2024). Meanwhile, Tenn. Comp. R. and Regs. 0800-02-21-.06 states:

> The *employer* must pay a filing fee of one hundred and fifty dollars ($150)
> to the clerk at the time of a settlement approval or the conclusion of a case.
> A filing fee is assessed at all later settlement approvals or at the conclusion
> of every re-opening of the case.

(Emphasis added.) Thus, we must address: (1) the proper interpretation of a regulation assessing a filing fee against "the employer" in light of the statutory definition of the word "employer"; and (2) whether a court must have sufficient evidence before it that the party against whom the filing fee is to be taxed is an "employer" in the case.

TForce argues the trial court erred by relying on a plain and ordinary meaning of the word "employer" rather than the statutory definition to be applied in workers' compensation cases. Moreover, it asserts that Claimant has the burden of establishing the existence of an employer-employee relationship and that he failed to do so in the present case. Because of that failure, TForce asserts there is insufficient proof to conclude it was an "employer" for purposes of the regulations governing proceedings in the trial court. TForce further maintains that, because both the statute and the regulations rely on the same definition of "employer," the court's ruling, if affirmed, would expand the scope of the definition beyond the meaning intended by the General Assembly. In short, TForce argues it was simply a "respondent" to Claimant's petition and affirmatively denied it was an "employer" in the present case against whom the filing fee could be taxed.

In rejecting TForce's position, the trial court determined that the words of a regulation or administrative order must be given their plain and ordinary meaning within the context in which they are used (citing *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *8 (Tenn. Workers' Comp. App. Bd. May 18, 2015)). The court reasoned that it had entered an order of dismissal on procedural grounds and, since neither party offered proof of an employment relationship, "in context,

the word 'employer' can only mean TForce." The court also pointed to TForce's assertion in its supplement to the DCN that the employer's name "should be TForce Freight, Inc." For these reasons, the court declined to reconsider the assessment of fees and concluded that "TForce is the employer for purposes of assessment of the filing fee under Rule .06."

Generally, we agree with TForce that, absent a stipulation, admission, or other acknowledgment by the employer of its status, an injured worker has the burden of proving the existence of an employer-employee relationship. Here, Claimant filed a PBD seeking benefits from TForce. When TForce responded that Claimant was an independent contractor rather than an employee, Claimant did not respond. In fact, since the filing of the PBD, Claimant has not prosecuted his claim or responded to either TForce's filings or the court's orders. In short, we find no evidence in this record supporting a finding that TForce is an "employer" in the context of this case, and we therefore conclude there is simply no basis to find that TForce was Claimant's employer for purposes of taxing the filing fee.

Next, TForce argues that the form pleadings required by the Bureau of Workers' Compensation ("Bureau") are insufficient, by themselves, to establish a party's status as an "employee" or "employer" for purposes of assessing filing fees. It notes that the PBD and DCN are simply form pleadings that contain fields for inputting information identifying the parties and attorneys. TForce asserts that in workers' compensation cases, a "plaintiff" and "defendant" are generally referred to as an "employee" and "employer" in form pleadings, and, as a result, "the general colloquial sense of the words is not equivalent to the specific legal sense presented by legislation and regulation." We agree. Although we acknowledge the importance of the parties' providing accurate and complete information to the Bureau, we recognize that the form pleadings used by the Bureau may not perfectly capture the substantive legal nuances of a particular claim. Moreover, parties are left with few alternatives, as the use of such form pleadings is required. Accordingly, we conclude that a purported employer's use of and responses to such form pleadings are not, standing alone, sufficient to establish the legal status of the parties to the litigation.

Here, Claimant identified TForce as the "employer" in his PBD, but TForce denied it was Claimant's employer. Thereafter, Claimant offered no evidence to refute TForce's denial and took no action to prosecute his claim or respond to the trial court's orders. We know of no authority, and none has been provided to us, that contemplates a court's assessment of fees to a party who is merely forced into the position of responding to a PBD. Indeed, in its order denying TForce's motion for reconsideration, the trial court specifically noted that "[n]either party offered proof of, or the absence of, an employment relationship."[1] It is undisputed that there is no evidence in the file that TForce is an

---

[1] The court referenced *Williamson v. Professional Care Services*, No. 2017-08-0203, 2018 TN Wrk. Comp. App. Bd. LEXIS 43, at *3 n.2 (Tenn. Workers' Comp. App. Bd. Aug. 13, 2018), in which an employer made a similar argument. In *Williamson*, the employer had been taxed with the filing fee despite being the prevailing party, and it argued that such a practice was unconstitutional. *Id.* However, we concluded it was

employer. We conclude it would be incongruous, in circumstances where there is no evidence or acknowledgment of an employer-employee relationship, to nevertheless tax costs against a party as "the employer." Given the fact that Claimant bears the burden of proving each and every essential element of his claim, including his employment status, we conclude there is nothing in this record that provides any basis for the trial court to assess fees against TForce as an "employer."

**Conclusion**

For the foregoing reasons, we reverse the trial court's taxing of a filing fee to TForce and modify the court's order to reflect that no filing fee is taxed under the circumstances of this case. We affirm the remainder of the trial court's order, and we certify as final the trial court's order as modified. There are no additional costs on appeal.

---

unnecessary to address the issue because the employer affirmatively stated on appeal that it did not wish to pursue that issue. *Id.* Here, there has been no proof offered that TForce is the employer of Claimant.

6



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Terry Steel | ) | Docket No. 2023-08-5024 |
| | ) | |
| v. | ) | State File No. 860305-2023 |
| | ) | |
| TForce Freight, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 17th day of April, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| John Thomas Feeney Taylor R. Pruitt | | | | X | jtf@feeneymurray.com trp@feeneymurray.com wcparalegal@feeneymurray.com |
| Terry Steel | | | | X | terrysteel38@gmail.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov